UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

AARON JONATHON ZEMKE,

           Petitioner,           Case No. 1:20-cv-20

v.                                       Honorable Janet T. Neff

SHANE JACKSON,

           Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. By order entered February 13, 2020, the Court ordered Respondent to answer the petition. (ECF No. 5.) Respondent filed a motion to dismiss for failure to exhaust state court remedies on August 11, 2020, (ECF No. 7), along with the state court record, (ECF No. 8). On August 27, 2020, Petitioner—or more accurately, someone on Petitioner's behalf—filed a response to the motion. For the reasons set forth below, the Court will not dismiss the petition, but will stay these proceedings, and hold them in abeyance, pending Petitioner's exhaustion of available state court remedies and his compliance with the Court's order regarding exhaustion.

## **Discussion**

### **I.    Factual allegations**

Petitioner Aaron Jonathon Zemke is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. On January 23, 2017, Petitioner pleaded *nolo contendere* in the

Berrien County Circuit Court to first-degree child abuse. On March 13, 2017, the court sentenced Petitioner to imprisonment for 20 to 80 years.

On January 13, 2020, Petitioner filed his habeas corpus petition raising two grounds for relief, as follows:

    I.    Mr. Zemke received ineffective assistance of counsel under the Sixth and Fourteenth Amendments when counsel threatened Mr. Zemke with life imprisonment to induce a plea bargain, irreparably prejudiced Mr. Zemke by submitting a delayed and deficient motion to withdraw in violation of court rules, and openly conflicted with his own client by telling the court Mr. Zemke deserved punishment and "a long prison sentence," culminating in ineffective assistance of counsel in violation of the federal Strickland standards.

        A.    Mr. Zemke's counsel failed to investigate exculpating testimony and witnesses to demonstrate that T.Z.'s stepmother was the sole subject of the allegations and T.Z. repeatedly stated that Mr. Zemke did not know and could not know about the allegations.

        B.    Mr. Zemke's counsel threatened him to induce a plea agreement and fundamentally misrepresented the law to deprive Mr. Zemke of his constitutional right to trial by jury to assert his innocence.

        C.    Mr. Zemke's counsel failed to investigate the case and provide evidence of Mr. Zemke's medical diagnoses that validate his request for plea withdrawal and corroborate his assertion of innocence.

        D.    Mr. Zemke was prejudiced by counsel's submission of a severely deficient motion to withdraw over a month after Mr. Zemke requested plea withdrawal.

        E.    Mr. Zemke was prejudiced by counsel's conflict of interest in counsel's declaration that Mr. Zemke "deserves to be punished, he deserves to go to prison, he deserves, perhaps, even a long prison sentence" which directly violates the Supreme Court's ruling in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018).

    II.    The trial court denied Mr. Zemke his constitutional right to trial by jury when it made unreasonable determinations of fact to deny plea withdrawal, and supported the prosecution in demonstrating bias and prejudice against Mr. Zemke.

> A. The trial court based its judgment on unreasonable determinations of fact contrary to the record when it denied Mr. Zemke's plea withdrawal based on its own unreasonable factual determination of potential trauma to a witness.
>
> B. The trial court made unreasonable determinations of fact in denying Defendant's plea withdrawal request based on inaccurate and improperly asserted prejudice by the prosecution.

(Pet., ECF No.1, PageID.7.)

## II. Preliminary issue regarding the involvement of Caelyn Palmer

The petition and the response to the motion to dismiss were prepared and filed by C. Palmer, "Mr. Zemke's immediate relative." (Pet., ECF No. 1, PageID.33; Pet'r's Br., ECF No. 9, PageID.510.) The envelope containing the petition was mailed by Caelyn Palmer from Arlington, Virginia. (ECF No. 1, PageID.34.) There is an attorney in Arlington, Virginia named Caelyn Palmer. *See* https://www.floomenergylaw.com/caelyn-a-palmer (visited Sept. 22, 2020). It appears likely that Attorney Caelyn Palmer is the author of the petition and the response brief. Caelyn Palmer also signed the petition and the response brief. The Court subsequently obtained Petitioner's signature on the petition. Petitioner will have to sign the response brief as well, or it will be stricken. Going forward, Petitioner will have to sign the documents filed with the Court or Ms. Palmer will have to appear as his attorney, at which time she can sign on Mr. Zemke's behalf.

## III. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270,

275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that his petition essentially raises two issues: ineffective assistance of counsel and judicial bias. He asserts that those issues have been at the foundation of his applications for leave to appeal in the state appellate courts; therefore, he has exhausted his claims in the state courts.

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). In *Ambrose v. Romanski*, 621 F. App'x 808 (6th Cir. 2015), the Sixth Circuit Court of Appeals explained the scope of the substantive component of fair presentation:

> In order to exhaust, a petitioner must present the claim to every level of the state courts in one full round. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir.1987). "[E]xhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition." *Pillette*, 824 F.2d at 497 (citing *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987)); *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Only "where the petitioner presented both the factual and legal basis for his claim to the state courts" is a claim fairly presented for exhaustion purposes. *Hanna*[*v.*

4

> *Ishee*], 694 F.3d [596,] 606 [(6th Cir. 2012)] (citations omitted); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000).
>
> \* \* \*
>
> Ambrose's two separate ineffective-assistance of counsel claims do not satisfy the requirement that petitioners "fairly present" the claim in state court. While the two claims—failure to convey a plea offer to Ambrose and failure to communicate Ambrose's acceptance of that plea offer—both require proof of an actual plea offer, they are markedly different. The former claim asserts that Ambrose did not even know of the existence of a plea offer during pretrial proceedings. The latter, on the other hand, asserts that not only did Ambrose know, but that he actually informed his counsel that he accepted the plea offer. Our precedent requires petitioners to state with exact specificity the factual nature of their claim. *See Hanna*, 694 F.3d at 609 ("Whether or not Petitioner's efforts to exhaust were sufficient, his current claim is easily distinguishable because the factual basis supporting his arguments has changed dramatically."). Ambrose's claims suggest conflicting arguments and rest on a different set of facts. This is significant "because of the important federal-state comity concerns served by the exhaustion doctrine." *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). We have recognized that is not enough that the different claims rest on similar facts, that the claims were "somewhat similar," or that the arguments were "self-evident." *Id.* (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Accordingly, it is clear that the state courts were not fairly presented with the argument Ambrose makes before this Court.

*Ambrose*, 621 F. App'x at 814-15. It is against that backdrop that Petitioner's claim of exhaustion must be evaluated.

Respondent claims that Petitioner never raised the claims set forth in I(E) in any Michigan appellate court. Petitioner's Michigan Court of Appeals application for leave to appeal identified one issue:

> I. Is Defendant entitled to plea withdrawal because the trial court abused its discretion in denying this request which was made before sentencing; Defendants plea was the result of fear and lack of knowledge due to ineffective assistance of counsel; it was not therefore, freely given and voluntary.

5

(Pet'r's Appl. for Leave to Appeal, ECF No. 8-5, PageID.304.) Construing the application liberally, the instances of ineffective assistance of counsel identified in the brief include counsel's delay in filing the motion to withdraw plea, counsel's failure to file a memorandum of law with the motion, not allowing Petitioner sufficient time to review the transcripts of the children's testimony, and counsel telling the Petitioner he had a "shit case." There is no mention in the court of appeals application of counsel's failure to investigate exculpating testimony and witnesses to demonstrate that T.Z.'s stepmother was the sole subject of the allegations or T.Z.'s repeated statements that Mr. Zemke did not know and could not know about the allegations (habeas issue I(A)), counsel's failure to investigate the case and provide evidence of Mr. Zemke's medical diagnoses that validated his request for plea withdrawal and corroborated his assertion of innocence (habeas issue I(C)), counsel's conflict of interest as revealed by counsel's declaration at sentencing that Mr. Zemke "deserves to be punished, he deserves to go to prison, he deserves, perhaps, even a long prison sentence" (habeas issue I(E)), or counsel's fundamental misrepresentation of the law to deprive Mr. Zemke of his constitutional right to trial by jury to assert his innocence (a portion of habeas issue I(B)).

Petitioner characterizes the absence of these issues in the Michigan Court of Appeals brief as follows:

> Mr. Zemke's claims are akin to a bespoke suit. Mr. Zemke first donned this suit in his appeal from the trial court order. When the appeals did not like the fit of Mr. Zemke's suit, he tailored it. He presented himself in this same suit to the state supreme court, albeit looking a bit more put-together for the tailoring. When the state supreme court, too, did not like the fit, Mr. Zemke tailored his suit again. He presented himself to the United States Supreme Court, in a slimmer, sharper silhouette. That court, too, barely glanced at him before dismissing him. So Mr. Zemke repeated his tailoring process: snipping a loose thread here, hemming a too-long cuff there. Finally, Mr. Zemke presented himself to this honorable Court, now

6

> in his finely tailored suit.  Throughout each presentation, Mr. Zemke never changed the fabric, thread, or even a single button of his bespoke suit.  He simply tailored it until it was impeccably fitted.

(Pet'r's Br., ECF No. 9, PageID.510.)  The Court disagrees.  Petitioner failed to fairly present to the Michigan Court of Appeals the substance of habeas issues I(A), I(C), I(E), and that portion of habeas issue I(B) that contends counsel fundamentally represented the law to Petitioner.

Petitioner's presentation to the Michigan Supreme Court more closely approximates his habeas issues than did his presentation to the Michigan Court of Appeals; however, presentation to the Michigan Supreme Court did not satisfy the procedural component of fair presentation.  With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely."  *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille*, 489 U.S. at 351.  Applying *Castille*, the Sixth Circuit has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb.

9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his unexhausted issues. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Berrien County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue,

unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. After the Michigan Supreme Court denied his application for leave to appeal, Petitioner filed a petition for certiorari in the

9

United States Supreme Court. The Supreme Court denied his petition for certiorari on January 14, 2019. (Correspondence, ECF No. 8-6, PageID.497.) Accordingly, absent tolling, Petitioner would have one year, until January 14, 2020, in which to file his habeas petition. Petitioner filed the instant petition on January 13, 2020, one day before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack

10

of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances, because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines*, 544 U.S. at 277. In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Here, the petition and Petitioner's response brief explain the evolution of Petitioner's constitutional claims. The Court concludes that Petitioner has established "good cause" for his failure to exhaust, the unexhausted claims are not "plainly meritless," and the circumstances do not indicate that Petitioner has engaged in "intentionally dilatory litigation tactics." Accordingly, pursuant to the Sixth Circuit's direction in *Palmer*, 276 F.3d at 781, Petitioner shall have thirty (30) days to file a motion for relief from judgment in the Berrien County Circuit Court setting forth any unexhausted claims that he intends to pursue in his habeas petition. This action will be stayed until Petitioner files a motion to amend his petition to include any subsequently exhausted claims. Such motion must be filed not later than 30 days after a final

decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review. If Petitioner fails to comply with these deadlines, the Court may dismiss the petition. This case shall be administratively closed until such time as Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

If Petitioner would prefer to proceed now, on only his exhausted claims, he may file, within 28 days, a motion to amend his petition, along with a proposed amended petition that includes only his exhausted claims.

An order consistent with this opinion will be entered.

Dated: September 28, 2020  /s/ Janet T. Neff
　　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　　United States District Judge